```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-20119-CIV-JORDAN
                                    MAGISTRATE JUDGE P.A. WHITE
ARIEL A. HERNANDEZ,      :

      Plaintiff,         :

v.                       :          REPORT OF
                                    MAGISTRATE JUDGE
DIRECTOR TIMOTHY RYAN,   :

      Defendant.         :
_____
```

In this <u>pro se</u> civil rights action brought pursuant to 42 U.S.C. §1983, the plaintiff Hernandez has filed pleadings concerning conditions encountered by him at the Miami-Dade Pretrial Detention Center at 1321 N.W. 13th Street, in Miami.

Following a Preliminary Report, a Supplemental Report, a Second Supplemental Report (DE#s 7, 10 and 21), and Court Orders (DE#s 13, 25 and 28) the case is pending against one defendant, Timothy Ryan, Director of the Miami-Dade County Department of Corrections and Rehabilitation ("MDCDCR"). The operative complaint is pending only on claims concerning the amount of food and food handling (sanitary issues), denial of adequate hygiene and sleep deprivation, as alleged in the amended complaint DE#14, which is treated as a supplement to the initial pleading.

**This Cause is before the Court upon a motion to dismiss by defendant Ryan (DE#35)**, in which he argues that the complaint, as amended, is subject to dismissal on two grounds: 1) the plaintiff is foreclosed under 42 U.S.C. §1997e(e) from recovering damages, because in order to do so he must demonstrate the existence of a physical injury as a result of the deprivations which he alleges; and 2) plaintiff has failed to demonstrate exhaustion of his available administrative remedies, as is required under 42 U.S.C. §1997e(a). **The plaintiff has also filed a motion (DE#34), requesting a 30 day extension of time, or stay of the Court's ruling on Ryan's motion to dismiss, in order to allow plaintiff and**

**defense counsel Lee to further discuss the possibility of settlement of the case.**

Defendant Ryan correctly argues that in the absence of a showing of physical injury in connection with the claims alleged, the plaintiff Hernandez's recovery of damages may be limited by 42 U.S.C. §1997e(e). If, assuming *arguendo*, the plaintiff Hernandez were ultimately unable to demonstrate the existence of any concrete physical injury resulting from the deprivations alleged he would be foreclosed from recovery of compensatory or punitive damages, Harris v. Garner, 190 F.3d 1279, 1286-87 (11 Cir. 1999), vacated in part and reinstated in part, Harris v. Garner, 216 F.3d 970, 984-85 (11 Cir. 2000) (en banc), but he would not necessarily be foreclosed from recovering nominal damages if he were able to establish that he suffered a constitutional deprivation, see Hughes v. Lott, 350 F.3d 1157, 1162 (11 Cir. 2003)(holding that §1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages).[1] It appears that any judgment or partial judgment which might be entered based on application of 42 U.S.C. §1997e(a) to plaintiff Hernandez's claims must await further factual development of the record, to determine whether Hernandez is able to prove the existence of some injury that is something more than *de minimis*. It is noted that in his Response to Ryan's motion to dismiss, Hernandez alleges that he has suffered

---

[1] It is noted that in this case, the plaintiff Hernandez, as a *pro se* litigant, specifically requested compensatory and punitive damages in the initial complaint but (DE#1, p.6), and that the amendment (DE#14), which consists of supplemental factual allegations, is devoid of any request for damages (see DE# 14, pp.7-52).  There exists case law holding that a litigant who has not specifically requested nominal damages may nonetheless be entitled to recover them, if the existence of constitutional deprivation is proved.  See Wilson v. Moore, 270 F.Supp.2d 1328, 1332 (N.D.Fla. 2003)(action in which plaintiff did not specifically request nominal damages), citing cases, including: Memphis Community School District v. Stachura, 477 U.S. 299, 308-309, n.(1986) (noting that nominal damages are an appropriate means of "vindicating" rights whose deprivation has not caused actual, provable injury), and Allah v. Al-Hafeez, 226 F.3d 247, 251 (3 Cir. 2000) (finding "it is not necessary to allege nominal damages").

2

physical injury, for example, significant loss of weight as a result of the dietary concerns alleged in his pleadings.

With respect to Ryan's second argument, the Courts have made clear that 42 U.S.C. §1997e(a), as amended, which embodies the administrative exhaustion requirement of the Prison Litigation Reform Act of 1995 (the "PLRA"), now requires a prisoner to have exhausted those administrative processes which are available to him <u>before</u> bringing suit on a claim in federal court. <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1325-26 (11 Cir. 1998); <u>Booth v. Churner</u>, 532 U.S. 731, 736-41 (2001). In this case, the defendant Ryan's argument that the complaint is barred under 42 U.S.C. §1997e(a), due to lack of exhaustion of available administrative remedies, is premature. The defendant Ryan argues in pertinent part that grievances about nutrition which the plaintiff submitted as attachments to his complaint do not name him (Ryan) or complain of actions by him, and do not suffice to show that plaintiff exhausted his administrative remedies with regard to claims concerning amount and adequacy of food. Defendant Ryan further argues that, with respect to the claims regarding hygiene and sleep deprivation, the plaintiff has not show that he filed grievances to exhaust his administrative remedies. The Supreme Court has held that failure to exhaust is an affirmative defense, and a plaintiff is not required to plead and demonstrate exhaustion of remedies in his complaint. <u>See</u> <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007). It cannot be assumed for purposes of the defendant's motion and this Report, however, that the grievances alluded to by the defendant Ryan are the only grievances filed by Hernandez concerning the claims raised in this case. Nor does the record contain evidence establishing those steps that the plaintiff must have taken in order to exhaust his available administrative remedies within the MDCDCR. It is apparent that any determination as to whether the operative complaint may be subject to dismissal under §1997e(a), will require further development of the record.

There remains plaintiff Hernandez's motion to stay, captioned as a Motion for extension of time (DE#34). Hernandez's motion was filed with the Clerk and docketed on August 25, in anticipation of the defendant Ryan's August 26, 2009 motion to dismiss. Hernandez requests a 30 day stay, in order to permit him to reach an amicable settlement, based on discussions he claims to have commenced with defense counsel Lee. Due to the recommendation in this Report, for disposition of Ryan's motion to dismiss (DE#35), it appears that plaintiff's motion (DE#34) for a stay, or 30 day extension of time, should be denied. This should not impede any discussions regarding settlement in which the plaintiff may wish to engage.

For the above stated reasons, it is recommended that: 1) the defendant Ryan's motion to dismiss (DE#35) be DENIED: 2) the case remain pending against Ryan on plaintiff's claims regarding nutrition (the amount of food), food handling (sanitary issues), denial of adequate hygiene, and sleep deprivation; and 3) plaintiff's motion (DE#34), for a 30 day extension of time or stay, be DENIED.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: September 23rd, 2009.

                                  UNITED STATES MAGISTRATE JUDGE

cc:   Ariel Hernandez, Pro Se
      No. 040061011
      Dade County Jail
      1321 N.W. 13th Street
      Miami, FL 33125

      Cynji Antoinette Lee, Esquire
      Miami-Dade County Attorney's Office
      P.O. Box 025504
      Miami, FL 33102-5504

      The Honorable Adalberto Jordan,
      United States District Judge